## James License

*Maurice Levin,* Assistant Attorney General, for Commonwealth.

*I. B. Sinclair,* for defendant.

SAND, J., February 8, 1973.—Mattie A. James has filed this appeal from the action of the Secretary of the Commonwealth suspending her license to operate a school bus on the highways of the Commonwealth. The suspension was based solely on the occurrence of defendant's myocardial infarction in February 1971, and the secretary's interpretation of Title 67, Rules and Regulations, Regulation 101, Part I, sec. 3(2)(c)(2) promulgated pursuant to section 609 of the Act of April 29, 1959, P. L. 58, 75 PS §609, as amended.

The pertinent language of the rules and regulations provides, inter alia, that: "A person is physically qualified to operate a school bus if he . . . has no

established history or clinical diagnosis of . . . myocardial infarction."

The record shows that Mattie A. James possessed a school bus operator's certificate which expires February 29, 1976. An anonymous letter brought to the Commonwealth's attention the fact that Mattie A. James had suffered a myocardial infarction about February 15, 1971. The record further shows that two physicians have certified that Mattie A. James has completely recovered from the infarction and shows no evidence of any cardiac disability now and should be permitted to continue her employment as a school bus operator. One physician testified that Mattie A. James is now a better safety risk while on the job than the general public because she now knows how to govern herself to prevent undue stress on her heart and knows the signs and symptoms of the onset of a heart attack.

The statute under which the subject regulations were promulgated provides, in part, that a person shall not operate a school bus unless he "has satisfactorily passed a physical examination to be given by the physician for the school district by which he is employed."

The regulation in question fleshes out the bones of the statute by describing specific health qualifications to be determined by the examining physician. In this matter, the examining physician certified on the form provided that Mattie A. James had passed the physical examination and testified at the appeal before this court that she had completely recovered from her heart ailment.

The Commonwealth rested its case on the admitted myocardial infarction and the regulation above quoted and now argues that Mattie A. James is barred from operating a school bus because she has an "established history" of myocardial infarction.

Preliminarily, we must note that "established history" is susceptible of more than one meaning. One valid interpretation is that "history" relates to a series of events. The subject regulation would then bar those who suffered a series of myocardial infarctions. The regulation can also be interpreted to bar those whose life history includes one myocardial infarction. The Commonwealth here promotes the latter interpretation. The Commonwealth's position, then, is that though Mattie A. James may have recovered from the infarction, she can never recover her ability to operate a school bus.

On the contrary, the evidence presented to the court proves that Mattie A. James has not only recovered her ability to safely operate a school bus, but she is now a better safety risk than she was before the infarction and a better safety risk than other school bus operators who have never suffered or realized they suffered, such an attack.

In this light, if we assume the Commonwealth's interpretation of the regulations, there is not that relationship between the object of the legislation and the effect of the regulation which is necessary to sustain the regulation as to Mattie A. James. The power to prescribe rules and regulations under a statute is only a power to adopt regulations to carry into effect the will of the legislature as expressed by the statute: Volunteer Firemen's Relief Association of The City of Reading v. Minehart, 425 Pa. 82.

The obvious intent of the legislature in enacting section 609 of The Vehicle Code was to permit the operation of school buses to be only by drivers who are good safety risks. Among other things, safety is promoted by requiring physically sound operators. Since Mattie A. James is not only physically sound, but is also a better safety risk than others holding

valid school bus operators' certificates, we find that the secretary's interpretation of the regulation which denies Mattie A. James a school bus operator's certificate because she once suffered a myocardial infarction, is invalid.

Accordingly, we enter the following

## ORDER

And now, to wit, February 8, 1973, it is ordered and decreed that the appeal of Mattie A. James from the suspension of her school bus operating privileges is sustained. The order withdrawing said privileges is reversed and the privileges are restored.